**LUCKY STORES, INC., MIDWESTERN FOOD DIVISION, d/b/a Eagle Discount Supermarkets, Plaintiff,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1540, Defendant.**

No. 83 C 4206.

United States District Court,
N.D. Illinois, E.D.

Nov. 29, 1983.

J. Paige Clousson, Chicago, Ill., for plaintiff.

Fern M. Steiner, Karmel & Rosenfeld, Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Plaintiff Lucky Stores, Inc., Midwestern Food Division, d/b/a Eagle Discount Supermarkets ("Eagle") sued United Food and Commercial Workers Union, Local 1540 ("Local 1540").[1] Eagle would have this Court vacate or modify an arbitration award. Local 1540 has filed a cross application to enforce the arbitration award.[2] For reasons set forth below, Eagle's motion to vacate or modify is denied; Local 1540's cross application for enforcement of the arbitrator's award is granted.

Eagle and Local 1540 are parties to a collective bargaining agreement, which sets forth a detailed grievance and arbitration procedure.[3] Pursuant to the collective bargaining agreement, a grievance protesting the discharge of an Eagle employee, Rosalind Gulley, was submitted to arbitration. The arbitrator concluded that Gulley had not been discharged for "just cause," as required by the collective bargaining agreement,[4] and he ordered her reinstatement. However, he found that Gulley had been rude to a customer on June 15, 1982, and withheld one month's pay from her. Eagle claims that the arbitrator refused to consider past incidents of discipline received by Gulley, and that she failed to deny these accusations against her at the hearing. Additionally, Eagle claims that the arbitrator imposed upon it investigative and due

1. Jurisdiction is asserted pursuant to 29 U.S.C. § 185, which provides, in relevant part, that [s]uits for violation of contracts between an employer and a labor organization representing employees ... may be brought in any district court of the United States having jurisdiction of the parties....

2. Eagle also filed a motion for summary judgment, and Local 1540 filed a motion for judgment on the pleadings. Our ruling on the parties' other motions renders unnecessary a ruling on the motions for summary judgment and for judgment on the pleadings.

3. According to the Collective Bargaining Agreement,

17.1 The properly accredited officers or representatives of both parties to the Agreement shall be authorized to settle any dispute, disa-

process requirements not contained in the collective bargaining agreement, by allegedly holding that an employee's prior history of undenied and uncontested offenses must be investigated and raised at disciplinary hearings. In short, Eagle contends that the arbitrator exceeded his authority.

■ National labor policy favors the use of arbitration as a means of resolving labor-management disputes. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Burgeoning judicial case loads also have established arbitration as a valuable method of alternative dispute resolution. Arbitration awards will be vacated only under specific circumstances. Arbitration Act, 9 U.S.C. § 1 *et seq.* Thus, arbitration awards may be vacated where arbitrators exceed their powers, 9 U.S.C. § 10(d). They also may be modified where arbitrators render awards upon matters not submitted to them. 9 U.S.C. § 11(b). The Supreme Court has recently reaffirmed the limited role of courts in reviewing labor arbitration awards:

a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360 [4 L.Ed.2d 1424] (1960). When the parties include an arbitration clause in their collective bargaining agreement,

greement, difference, or grievance arising out of the terms, application or interpretation of this Agreement.

 \* \* \* \* \* \*

17.4 When in the judgment of either party arbitration is necessary, either party may initiate same by notifying the other party in writing that is [sic] has invoked the arbitration provisions of the contract and that is [sic] has requested the Federal Mediation and Conciliation Service to submit a panel of arbitrators to the parties.

4. Article 16.1 of the Collective Bargaining Agreement states, "No employee shall be discharged or suspended without just cause."

they choose to have disputes concerning constructions of the contract resolved by an arbitrator. Unless the arbitral decision does not "dra[w] its essence from the collective bargaining agreement," *id.,* at 597, 80 S.Ct., at 1361, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute. This remains so even when the basis for the arbitrator's decision may be ambiguous. *Id.,* at 598, 80 S.Ct., at 1361. *W.R. Grace & Co. v. Local Union 759,* —— U.S. ——, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983).

 Additionally, courts are to consider whether the arbitrator's words manifest an infidelity to the essence of the agreement. *Amoco Oil Co. v. Oil, Chemical and Atomic Workers International Union, Local 7-1 Inc.,* 548 F.2d 1288, 1293–94 (7th Cir.1977), *cert. denied,* 431 U.S. 905, 97 S.Ct. 1697, 52 L.Ed.2d 389 (1977). The Seventh Circuit interprets the standard set forth in *Enterprise Wheel* to mean that courts should disturb arbitrator's decisions only if they are arbitrary. *Mogge v. International Association of Machinists,* 454 F.2d 510, 513 (7th Cir.1971). And an arbitrator's award draws its essence from the collective bargaining agreement so long as the interpretation can be rationally derived from the agreement; the correctness of the arbitrator's reasoning and conclusion is not relevant to a reviewing court. *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union, Local 781,* 629 F.2d 1204, 1215 (7th Cir.1980), *cert. denied,* 451 U.S. 937, 101 S.Ct. 2016, 68 S.Ct. 324 (1981). It is with these standards in mind that we turn to the instant controversy.

 In concluding that there was not "just cause" for Gulley's discharge, the arbitrator held that Eagle failed to meet its burden of proof on this issue. The arbitrator cited past disciplinary measures taken against Gulley, but held that the evidence offered to support these incidents lacked probative value. As for Gulley's failure to grieve past disciplinary measures, the arbitrator cited a provision of the collective bargaining agreement which provides that a failure to grieve warnings issued to employees shall not constitute an admission of their truth. We cannot, therefore, conclude that the arbitrator's decision did not "draw its essence from the collective bargaining agreement."

Moreover, we do not consider the arbitrator's statements concerning the due process rights of employees to be the basis of his decision. Unlike Eagle, we do not read the arbitrator's decision as precedent for the proposition that prior ungrieved disciplinary measures based upon customer accusations, undenied by the employee, cannot be used in subsequent disciplinary hearings. Rather, we believe that the decision is based upon the arbitrator's conclusion that Eagle failed to meet its burden of proof that Gulley was discharged for just cause. In any event, even insofar as an arbitrator's decision is ambiguous, we are bound to enforce it. *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

Accordingly, Eagle's motion to vacate or modify is denied; Local 1540's motion to enforce the arbitrator's decision is granted.[5] It is so ordered.

---

5. Local 1540 seeks interest from the date of the arbitrator's award on the funds which Eagle has not paid to Gulley pursuant to the arbitrator's award. In *Meat & Allied Food Workers v. Packerland Packaging Co.,* 411 F.Supp. 1280, 1284 (E.D.Wis.1976), the court awarded such interest. We agree that such an award will serve to make Gulley whole, and we therefore award her interest at the legal rate from the date the award was issued, March 22, 1983, until the date Gulley is paid.