500 F.2d 1218
 86 L.R.R.M. (BNA) 3162, 74 Lab.Cas. P 10,229
 Jim CRIGGER et al., Members of Local Union 6028 of District
29, United Mine Workers of America, an
unincorporated association, Appellants,
v.
ALLIED CHEMICAL CORPORATION, SEMET-SOLVAY DIVISION, a New
York corporation, Appellee.
 No. 73-2407.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1974.
Decided Aug. 1, 1974.
 
 Harry G. Camper, Jr., Welch, W. Va. (Camper & Watson, Welch, W. Va., on brief), for appellants.
 John H. Tinney, Charleston, W. Va. (Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., on brief), for appellee.
 Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit judges.
 PER CURIAM:
 
 
 1
 The named appellants are members of Local Union 6028 of the United Mine Workers of America. In an attempt to secure certain graduated vacation pay benefits from their employer, Allied Chemical Corporation, alleging their entitlement thereto under the National Bituminous Coal Wage Agreement of 1971, they instituted appropriate grievance proceedings pursuant to the Agreement. Their claim was ultimately rejected by the umpire selected to arbitrate the dispute in the final step of the contractual five-tier grievance procedure. the Agreement provides that an umpire's decision 'shall be final.'
 
 
 2
 Dissatisfied with the umpire's decision, appellants brought suit in the district court to have the decision vacated on the grounds that 'said adverse decision of the umpire is discrimination, erroneous, wrong, unlawful and in violation of their legal rights.' The district court, in a lengthy and considered opinion,[1] granted Allied Chemical Corporation's motion for summary judgment. Relying on the Steelworkers Trilogy,[2] the district court correctly concluded that it could not review the merits of the umpire's award; instead, review was limited to the narrower issues of whether the umpire's decision 'drew its essence' from the Agreement, whether there was evidence of fraud, deceit or breach of the union's duty of fair representation, or whether the grievance procedure was a sham, substantially inadequate or substantially unavailable. Harris v. Chemical Leaman Tank Lines, 437 F.2d 167 (5 Cir. 1971); Amalgamated Butcher Workmen Local No. 641 v. Capitol Packing Co., 413 F.2d 668 (10 Cir. 1969); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3 Cir. 1969); Safely v. Time Freight, Inc., 307 F.Supp. 319 (W.D.Va.1969), aff'd 424 F.2d 1367 (4 Cir. 1970).
 
 
 3
 We agree with the district court that the umpire's decision must not be disturbed. Despite the catchwords employed by appellants to persuade us that the umpire's decision is in fact reviewable-- they claim, for example, that the grievance procedure was a 'sham and substantially inadequate,' and that the decision amounted to 'arbitrariness and capriciousness'-- we must look to the substance of their claim. Having done so, we are convinced that their argument is simply that the umpire reached an incorrect result. While they argue that the umpire's interpretation of the collective bargaining agreement was so incorrect as to amount to a dispensing of his own brand of industrial justice, we conclude that the district court correctly rejected this argument. No conclusion can be reached other than that the umpire made a careful, reasoned attempt to construe a hazy provision of the contract. As the Supreme Court stated in Enterprise Wheel and Car Co., supra, 363 U.S. at 599, 80 S.Ct. at 1362,
 
 
 4
 the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.
 
 
 5
 Accordingly, we dispense with oral argument and the judgment below will be affirmed for the reasons stated by the district court (367 F.Supp. 1133).
 
 
 6
 Affirmed.
 
 
 
 [1]
 The opinion of the district court is reported at 367 F.Supp. 1133
 
 
 [2]
 United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Co., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)