**ROY STONE TRANSFER CORPORATION,**
Appellee,

v.

**TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN, AND HELPERS LOCAL UNION NO. 22 and Otis L. Burcham,**
Appellants.

No. 84–1421.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 3, 1984.

Decided Jan. 7, 1985.

Rehearing and Rehearing En Banc Denied March 29, 1985.

Jim H. Guynn, Jr., Roanoke, Va. (S.D. Roberts Moore, Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for appellants.

Melvin R. Manning, Richmond, Va. (F. William Kirby, Jr., McCaul, Grisby, Pearsall, Manning & Davis, Richmond, Va., on brief), for appellee.

Before SPROUSE and CHAPMAN, Circuit Judges, and HARGROVE, United States District Judge for the District of Maryland, Sitting by Designation.

HARGROVE, District Judge.

This is an appeal from the decision of the United States District Court for the Western District of Virginia at Danville which granted the appellants' Motion for Partial Summary Judgment.[1] By granting this motion in part, the court found that the arbitration decision concerning this case was incorrect. Although the appellants did succeed in having their motion for partial summary granted, they are appealing from the court's order, since Mr. Otis Burcham, an appellant, felt that he was entitled to back wages for a longer period of time than the court allowed. We find that the decision of the district court was correct. Thus, we affirm.

I

On February 9, 1983, the appellee, Roy Stone Transfer Corporation (hereinafter referred to as Roy Stone), filed a Bill of Complaint in the Circuit Court of Henry County, Virginia, to vacate the arbitration decision in Federal Mediation and Conciliation Service Case No. 82K/1477, which was filed by the parties to this appeal. Appellants, Otis L. Burcham and Teamsters, Chauffeurs, Warehousemen, and Helpers Local Union No. 22 removed the case to the United States District Court for the Western District of Virginia at Danville and filed a counterclaim seeking enforcement of the decision and award, with interest, including punitive damages. On November 18, 1983, the defendants-appellants filed a Motion for Partial Summary Judgment.

After a hearing and consideration of supplemental memoranda filed in support of the motions submitted by all the parties, the court issued its final order sustaining the defendants' motion for summary judgment.[2] It ruled that the arbitrator had erred in his decision and, that although the defendants were entitled to partial summary judgment, Otis Burcham should receive back wages for a shorter period of time than had been originally requested.

II

Roy Stone is a trucking company whose business involves the interstate and intrastate transfer of furniture and furniture products. Otis Burcham, one of the appellants, had been the chauffeur employed by Roy Stone for Galax, Virginia. Teamsters, Chauffeurs, Warehousemen and Helpers Local Union 22, another appellant, is a local union organization as defined in the National Labor Relations Act, 29 U.S.C. Section 151, *et seq.* which was the sole bargaining agent for Mr. Burcham's collective bargaining unit. This case arose from a labor dispute between Roy Stone and Mr. Burcham.

Mr. Burcham, who had been an employee of Roy Stone for almost twelve years, had never received any disciplinary action or had any problems at work until October 26, 1981. On that day, however, the conflict between the appellants and the appellee began as a result of a notice Roy Stone received from Vaughan Furniture Company concerning Mr. Burcham. Vaughan Furniture stated that Mr. Burcham would no longer be allowed to deliver merchandise to Vaughan's property "due to his proclivity to talk and distract Vaughan's employees". Roy Stone's personnel manager, Mr. Koontz, and the Galax terminal manager, Mr. Hankley, met with Vaughan officials on October 27, 1981, to discuss the situation. After the meeting Mr. Koontz informed Mr. Burcham that he was relieved

1. Docket Entry # 15 in the Joint Appendix labels this pleading as Defendants' Motion for Partial Summary Judgment; in the Final Judgment and Order filed on March 16, 1984, Chief -District Judge James C. Turk called it Defendants' Motion for Summary Judgment.

2. See footnote 1.

from duty at the Galax terminal. In 1981, Vaughan Furniture constituted 90% of Roy Stone's business in the Galax, Virginia area. Since Burcham could not deliver supplies to Vaughan, in effect, there was no work for him in the Galax, Virginia area. Mr. Burcham notified his union representative, Mr. Webb, that he was not working at Galax and he began to collect unemployment compensation benefits.

During the next few months, Roy Stone tried to persuade the Vaughan Furniture Company to allow Burcham back on its property. These efforts were unsuccessful, therefore, Mr. Burcham remained unemployed.

On January 9, 1982, Roy Stone, offered appellant employment at its terminal in Martinsville, Virginia. Appellant refused this offer of employment stating that "he was originally hired for work in Galax and he would only work in Galax".

An arbitration hearing was held on December 9, 1982. At that hearing, the above facts were considered along with the collective bargaining agreement between the appellee company and the appellant local union which had been in effect from May 16, 1979, to May 15, 1982. In his decision of January 12, 1983, the arbitrator found that Mr. Burcham had never received a written discharge notice on October 27, 1981 and further found that Burcham had been wrongfully discharged. Roy Stone was directed "to reinstate Otis Burcham with full seniority, to make him whole for all wages lost, and to make contributions to the health and welfare fund which would have been made but for his termination". The arbitrator's reasoning for his decision is interesting, in that it acknowledges that Roy Stone was in a difficult situation due to Vaughan's action in ordering Burcham off its premises.

Due to declining business in the Galax area, the Roy Stone terminal was closed on April 29, 1983.

On March 11, 1984, the District Court rendered its order upholding the decision of the arbitrator only for the period between October 27, 1981 and late January, 1982.

The appellant had refused another position with Roy Stone in Martinsville, Virginia in January, 1982.

## III

■ The standard of review which courts should apply to arbitration cases is stated in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). In *Enterprise,* an employer attempted to have the district court overturn an arbitration decision rendered pursuant to a collective bargaining clause which required final and binding arbitration. Justice Douglas stated that

[i]t is the arbitrator's construction [of the collective bargaining agreement] which was bargained for; and so far as the arbitrator's decision concerns [the] construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his. *Id.* at 599, 80 S.Ct. at 1362.

The Supreme Court also stated that an arbitrator has authority only to interpret and apply the provisions of the applicable collective bargaining agreement. An arbitrator's award can and should be overturned if the arbitrator exceeds his authority. The arbitrator's award is presumed to be legitimate as long as it draws its essence from the collective bargaining agreement. *Id.* at 597, 80 S.Ct. at 1361. *See, Crigger v. Allied Chemical Corporation, Semet-Solvay Division,* 500 F.2d 1218 (4th Cir.1974) and *Clinchfield Coal Co., et al., v. District 28, United Mine Workers of America and Local Union No. 1452,* 720 F.2d 1365 (4th Cir.1983).

■ There is no evidence in the record from which we can ascertain that the arbitrator was totally incorrect in his interpretation and application of the collective bargaining agreement or that he misused his authority. The award in this case did "draw its essence from the collective bargaining agreement". The District Court found that the arbitration decision was basically correct and only corrected the period

of time for which back pay should be awarded to appellant.

The collective bargaining agreement did not restrict Roy Stone's ability to transfer its employees to new job locations. It is clear that a company such as Roy Stone has the right to transfer an employee like the appellant to a new location such as Martinsville, Virginia, especially in light of the unusual circumstances in this case. There is a sound basis for the decision of the District Court which changed the date for the back pay award to January 1982, the date on which the job transfer proposal was made to Burcham, which he rejected.

The appellee's argument that the arbitrator was trying to dispense his "own brand of industrial justice" with a decision which was contrary to "sound public policy" is not supported by case law or logic. There is ample evidence to show that the arbitrator was properly applying the collective bargaining agreement to the facts involved in this case.

We are bound by the lower court's finding of fact unless it is clearly erroneous. F.R.C.P. 52(a); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *Friend v. Leidinger*, 588 F.2d 61, 64 (4th Cir.1978); *Phillips v. Crown Central Petroleum Corp.*, 556 F.2d 702, 703 (4th Cir.1977), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1021, 62 L.Ed.2d 756 (1980). In this case we find no legal or factual error and affirm the decision of the United States District Court for the Western District of Virginia.

AFFIRMED.

SPROUSE, Circuit Judge, dissenting:

I respectfully dissent. The facts in this case are as straightforward and simple as the collective bargaining contract which should have governed the relationship between the parties. Roy Stone hired Burcham to work at its Galax, Virginia terminal. The arbitrator determined there was no contractual provision giving to Roy Stone authority to transfer Burcham. More importantly, the decisions of the district court and the majority fail to recog-

nize the proper application of *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

My colleagues in the majority recognize that *Enterprise* and its progeny control, but they neglect to apply it to the facts of this case. The majority opinion states, for example:

There is no evidence in the record from from which we can ascertain that the arbitrator was totally incorrect in his interpretation and application of the collective bargaining agreement or that he misused his authority. The award in this case did "draw its essence from the collective bargaining agreement." The District Court found that the arbitration decision was basically correct ....

and

There is ample evidence to show that the arbitrator was properly applying the collective bargaining agreement to the facts involved in this case.

Having found that the arbitrator's "award in this case did 'draw its essence from the collective bargaining agreement,'" I fail to see how the majority then could conclude anything but that the district court exceeded the bounds of its *Enterprise* authority by modifying the arbitrator's award and substituting its own judgment on an arbitrable issue.

The majority's conclusion is based on an erroneous standard of review. In upholding the district court's intervention, the majority stated:

There is a sound basis for the decision of the District Court which changed the date for the back pay award to January 1982, the date on which the job transfer proposal was made to Burcham, which he rejected.

A court's action setting aside an arbitrator's award is improper unless the award did not "draw its essence" from the collective bargaining contract. The test is not whether a district court has a "sound basis" for its opinion. As the Supreme Court noted in *Enterprise*, "the courts have no

business overruling [the arbitrator] because their interpretation of the contract is different from his." *Id.* at 599, 80 S.Ct. at 1362.