826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LEVER BROTHERS COMPANY, Plaintiff-Appellant,
v.
INTERNATIONAL CHEMICAL WORKERS UNION, LOCAL 217, Defendant-Appellee.
 No. 87-2501
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided Aug. 12, 1987.
 
 Gil A. Abramson (Semmes, Bowen & Semmes, on brief), for appellant.
 Bernard G. Link for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Upon the discharge of Wayne T. Owens from employment by appellant Lever Brothers Company (the Company), appellee International Chemical Workers Union, Local 217 (the Union) filed a grievance on Owens' behalf. When the matter went to arbitration, the arbitrator found no just cause for Owens' discharge and ordered his reinstatement to the position he had previously held. Subsequently, the district judge entered summary judgment for the Union in a suit filed by the Company under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Sec. 185, seeking to vacate and set aside the arbitrator's award. The Company appealed. We affirm.
 
 
 2
 * Grievant Owens was employed at Lever Brothers' Baltimore plant as a Number One Packaging Machine Mechanic (#1 PMM). He had a history of rule violations and poor work, which are not disputed and which were accepted as a matter of record by the arbitrator.
 
 
 3
 The Company asserted that Owens took an unauthorized break, in violation of Company rules, on August 5, 1983. On October 20, 1983, the Company notified Owens in writing of his discharge effective October 21, 1983. The letter stated that Owens' taking an unauthorized break on August 5 was the type of disciplinary infraction that Owens had previously been warned would cause his employment to be terminated. Further, it noted that, pursuant to Section 7.4 of the collective bargaining agreement, Owens was disqualified from his job as a #1 PMM because of poor job performance.
 
 
 4
 The Union filed a grievance in which it complained of the 'unfair and unjust termination of P.M.M. mechanic W. T. Owens.' The Union requested 'immediate reinstatement of employee' and that the Company 'make [the employee] whole or pay any wages and benefits lost.' In a separate action, the Union alleged that Owens had been discharged because of his Union activities; however, the arbitrator found no merit to this claim, and it is not now before us.
 
 
 5
 When the discharge matter was submitted for arbitration, the arbitrator found that Owens had taken an unauthorized break on August 5, 1983, but determined that discharge was an excessive penalty. Accordingly, the arbitrator ordered that Owens be reinstated to #1 PMM with back pay after a six-month suspension.
 
 
 6
 The Company sought to vacate the arbitrator's award in district court. The district judge initially remanded the matter for the arbitrator to make an express determination as to whether there had been just cause for Owens' discharge. When the arbitrator determined that there had not been just cause for discharge, the district judge refused to disturb the arbitrator's finding and granted summary judgment in favor of the Union.
 
 
 7
 The Company appealed, alleging that the district judge erred in failing to vacate the arbitrator's order. The Company maintains that grievant Owens had been disqualified from the #1 PMM position prior to discharge, that the disqualification was not grieved or placed in issue before the arbitrator, and that, therefore, the arbitrator exceeded the scope of his authority by ordering that Owens be reinstated to #1 PMM. The issue before us on appeal is the propriety of Owens' reinstatement specifically to #1 PMM.
 
 II
 
 8
 A court will not disturb an arbitration award as long as the award is based on the arbitrator's interpretation of the applicable collective bargaining agreement:
 
 
 9
 It is, of course, axiomatic that a labor arbitration dispute is governed by the contract between the company and the union involved, United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), and the arbitrator is bound by this agreement. Moreover, his decision will not be disturbed by a court unless he has exceeded the authority given him by the contract. United Steelworkers v. Enterprise Wheel, supra. The court's inquiry is limited to whether the arbitrator's award draws its essence from the agreement of the parties. 'It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation is different from his.' Id. at 599, 80 S.Ct. at 1362.
 
 
 10
 Norfolk Shipbuilding and Drydock Corp. v. Local No. 684 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, A.F. of L.C.I.O, 671 F.2d 797, 799 (4th Cir. 1982). See also Roy Stone Transfer Corp. v. Teamsters, Chauffeurs, Warehousemen, and Helpers Local Union No. 22, 752 F.2d 949, 951 (4th Cir. 1985) (Arbitrator's award is presumed to be legitimate as long as it draws its essence from collective bargaining agreement.).
 
 
 11
 In the present case, the pertinent provisions of the collective bargaining agreement are found in Section 7. It appears from the record that Owens was discharged because of disciplinary infractions pursuant to Section 7.1: 'The Company shall have the right to discipline or discharge employees at any time for just cause.' The Company contends that Owens was 'disqualified' from #1 PMM because of poor performance pursuant to Section 7.4:
 
 
 12
 When an employee's work is considered by the Company to be below standard, the employee shall be first warned. If no improvement is noted, the employee and the Union will be so notified in writing. If, thereafter, the employee fails to attain satisfactory efficiency, he or she shall be subject to transfer, demotion or other appropriate corrective action, up to and including dismissal.
 
 
 13
 Company actions under either sub-section are subject to the grievance machinery and to arbitration, pursuant to Section 7.5.
 
 
 14
 The arbitrator is bound, not only by the provisions of the collective bargaining agreement, but also by the issues submitted by the parties for arbitration. The submission is the source and limit of the arbitrator's authority. International Chemical Workers Union, Local No. 566 v. Mobay Chemical Corp., 755 F.2d 1107, 1110 (4th Cir. 1985). The arbitrator's award should be enforced unless it is apparent that the arbitrator went beyond the submission. Id. at 1112.
 
 
 15
 When issues are presented to an arbitrator, and he is asked to resolve them in accordance with the collective bargaining agreement, he has a certain degree of latitude in fashioning remedies. The Supreme Court has said:
 
 
 16
 When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations.
 
 
 17
 Enterprise Wheel, 363 U.S. at 597. Back pay and reinstatement are 'stock' remedies that would certainly fall within permissible limits of an arbitrator's authority. See, e.g., United Food and Commercial Workers, Local 400 v. Marval Poultry Co., 645 F.Supp. 1174, 1181 (W.D. Va. 1986), aff'd, 819 F.2d 1138 (4th Cir. 1987). This is especially true where, as in the present case, back pay and reinstatement were specifically requested in the grievance submission.
 
 
 18
 Not just reinstatement, but reinstatement to #1 PMM, is an appropriate remedy in the present case. In the grievance, the Union requested the immediate reinstatement of 'P.M.M. mechanic W. T. Owens.' In the initial hearing before the arbitrator, even the Company's representative referred to Owens' status as #1 PMM. Joint Appendix at 44. The Union further requested that the Company be ordered to make Owens 'whole.' The obvious implication is that the grievance contemplated Owens' being returned fully to the status he had enjoyed prior to notice of his discharge; i.e., to #1 PMM, the only position he had held with the Company. Thus, the issue of Owens' reinstatement to #1 PMM was clearly placed before the arbitrator, and was not disputed by the Company in the initial arbitration proceeding.
 
 
 19
 If, within the context of the discharge and reinstatement questions that were at issue, the Company had wanted to argue that #1 PMM was not a possibility, it was incumbent upon the Company to do so at the initial hearing before the arbitrator. Instead, the argument that Owens could not be reinstated to #1 PMM did not crystallize until the case was remanded, and before the arbitrator for the second time, at which time the arbitrator was limited to the narrow question of whether there had been just cause for discharge. Joint Appendix at 8. A party cannot voluntarily engage in the arbitration of issues submitted to the arbitrator, and then attack the award on grounds not articulated before the arbitrator. Mobay, 755 F.2d at 1112. The Company cannot now be heard to argue that Owens' disqualification from #1 PMM bars the arbitrator from reinstating him to that position, when this argument was not presented until after the arbitrator had rendered an adverse award and the district court had remanded the case.
 
 
 20
 In sum, the arbitrator found that there was not just cause for grievant Owens' discharge and reinstated him to his previous position of #1 PMM. The arbitrator did not exceed his authority because this award draws its essence from the collective bargaining agreement and the submission of issues by the parties. The Company's argument that Owens' 'disqualification' from #1 PMM altered his job status prior to discharge was not timely placed as a submitted issue before the arbitrator and cannot now be raised. The district court's refusal to vacate the arbitrator's award is affirmed.
 
 
 21
 AFFIRMED.