Robert J. PAPENFUSS and Eleanor F. Papenfuss, d/b/a Papenfuss Electric Company, a partnership, Plaintiffs,

v.

ABE W. MATHEWS ENGINEERING CO., a Foreign Corporation, Defendant.

No. 73–C–152.

United States District Court, W. D. Wisconsin.

June 24, 1975.

Hale, Skemp, Hanson, Schnurrer & Skemp by Thomas H. Skemp, LaCrosse, Wis., for plaintiffs.

Johnson, Fredin, Killen, Thibodeau & Seiler by Conrad M. Fredin, Duluth, Minn., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs seek to modify an arbitration award. The action had been commenced in a state circuit court of Wisconsin and was removed to the United States district court for the western district of Wisconsin. The complaint alleges a breach of contract on the part of the defendants; a counterclaim avers certain failures on the part of the plaintiffs. Each of the parties seeks damages.

Pursuant to a motion brought in the district court, an order was entered on March 1, 1974, which stayed "all further proceedings in this case pending arbitration." Such arbitration proceedings were held; extensive testimony and documentary exhibits were presented before the arbitror. On July 16, 1974, the arbitrator signed a formal award which required the plaintiffs to pay $11,662.74 to the defendant.

The plaintiffs contend that the arbitrator was without jurisdiction; that there was constructive fraud in his decision; that the award in favor of the defendant was grossly excessive; that the arbitrator made errors of fact and law; and that the defendant's inconsistent positions estopped the defendants from claiming a breach of contract.

The plaintiffs also urge that they are entitled to raise the issue of fraud because the district court's order dated March 1, 1974, contained the following:

"Plaintiff is not precluded by this order from raising the matter of fraud before the arbitrators. Likewise this order does not prevent the raising of the issue of fraud in this Court after the final result of arbitration is known."

 The plaintiffs contend that there was a fraud perpetrated upon them at the time they contracted with the defendant; the plaintiffs also charge that the arbitrator's award is "so grossly wrong and unconscionable" that it constitutes constructive fraud on its face. Under both the law of Wisconsin and of Minnesota, an arbitration award may be vacated upon a showing that it was procured by corruption, fraud or undue means. Wis.Stat. 298.10 (1971); Minn.Stat.Ann. 572.19, subds. 1, 4.

The plaintiffs have not made any reasonable demonstration of fraud or constructive fraud. In my opinion, the portion of the order dated March 1, 1974 (quoted above), relating to fraud did not contemplate an automatic jury trial on such subject after the arbitration award. In order competently to raise such issue, an objector would be obliged to make a reasonable showing as to the existence of fraud before a judicial evidentiary hearing would be warranted. The plaintiffs in the case at bar have not made such a showing.

The court should not overturn an arbitrator's award in the absence of serious misconduct, as reflected in the Wisconsin and Minnesota statutes cited above. Thus, for example, an award may be upset because of corruption, but an award should not be overturned for mere mistake of fact or law. Mogge v. District 8, I.A.M., 454 F.2d 510 (7th Cir. 1971). This was a vigorously contested arbitration proceeding, and the movants have not persuaded me that there is any basis for this court's interference with the award.

Therefore, it is ordered that the plaintiffs' motion to modify or vacate the arbitrator's award dated July 16, 1974, be and hereby is denied.