**D. DAISEY, Plaintiff,**

**v.**

**LINDY'S COFFEE SHOP, INC., a California Corporation, dba Lindy's, Defendant.**

**Civ. A. No. CV 74–1580–AAH.**

United States District Court, C. D. California.

July 16, 1975.

**768**

John P. Kightlinger, Los Angeles, Cal., for plaintiff.

Robert M. Cohen, Los Angeles, Cal., for defendant.

DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

HAUK, District Judge.

This action came on for trial before this Court on April 25, 1975, and the Court having considered all the pleadings and memoranda filed, the testimony given at the trial, the exhibits offered into evidence, and the arguments on behalf of the parties, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The defendant owned and operated a restaurant establishment known as Lindy's at all times pertinent hereto.

2. The defendant executed a Collective Bargaining Agreement with the Los Angeles Joint Executive Board of Hotel and Restaurant Employeees and Bartenders Unions, AFL–CIO, on April 27, 1972, to be effective from July 15, 1972, to and including March 15, 1977. This Agreement refers to and incorporates certain Trust Agreements which provide for the establishment of the Los Angeles Hotel-Restaurant Employer-Union *Welfare* and *Retirement* Funds.

3. The Agreement requires the defendant to make contributions to the Trustees of the Welfare Fund for all employees in the crafts covered by that Union contract, whether Union or non-Union, part-time or full-time, temporary or permanent, and regardless of whether or not they would be eligible for benefits for the duration of the Agreement.

4. The defendant reported and paid the monthly contributions required by the Agreement beginning July 15, 1972, through November 1973. But no payment has been made since that time, the defendant's President and majority shareholder claiming that he stopped the payments when he learned of the falsity of alleged statements by the Union representatives to the effect that the defendant's two main competitors had previously signed an identical Collective Bargaining Agreement.

5. Under Section 4.08 of the Welfare Trust Agreement the Trustees may re-

quire arbitration of *"any* controversy or dispute regarding an employer's delinquency, default, deficiency or liability for contributions or reports required hereunder . . . . " (emphasis added).

6. On March 25, 1975, the plaintiff, as assignee of the Trustees for collection purposes, filed a Demand for Arbitration pursuant to the above provision to secure the amounts owing under the terms of the agreement. The Arbitrator set the hearing before him for April 29, 1974, at 10:00 A.M.

7. The defendant submitted to the arbitration and made no effort to have the Arbitrator consider the impact of any alleged misrepresentations by Union representatives to the defendant's President and majority shareholder. Nor did it in any way bring those alleged misrepresentations before the Arbitrator.

8. On April 29, 1974, the Arbitrator conducted a hearing, with the defendant and its counsel present, along with the Union and its counsel, at which he took evidence and heard oral argument.

9. On May 7, 1974, the Arbitrator rendered his decision which found $5,897.94 in contributions owed by the defendant to the plaintiff; $531.86 in interest and liquidated damages owed by the defendant to the plaintiff under the provisions of the Trust Agreements; and $500.55 for the arbitrator's fee, stenographic reporter's fee and attorneys' fees, owed by the defendant to the plaintiff as costs of arbitration pursuant to those same provisions. The Arbitrator thus entered his Award for $6,930.35 plus interest from the date of the Award at the rate of 7% per annum.

10. The defendant was ordered to pay this amount within ten (10) days. No part of this Award has yet been paid.

11. On May 21, 1974, the plaintiff filed a Petition for Order Confirming Arbitration Award in Los Angeles County Superior Court.

12. On June 7, 1974, the defendant filed in this Court a Petition for Removal of the Superior Court action; and on June 19, 1974, the defendant filed a Response to Petition for Order Confirming Arbitration Award and a Counter Petition to Vacate Arbitration Award. In this Counter Petition, the defendant alleges affirmative defenses of mistake of fact, failure of consideration, and fraud in the inducement all based upon alleged misrepresentations made to the defendant's President and majority shareholder by Union representatives. The alleged misrepresentations, namely, that the defendant's two main competitors were signatories to the same Union contract which the defendant signed, were also asserted to be the basis for rescission of the Collective Bargaining Agreement. The Counter Petition was purportedly "to serve as notice of rescission" of that Agreement, but it was not filed until June 19, 1974, more than six months after the defendant learned of the falsity of the alleged misrepresentations.

13. In fact, it is clear from the evidence that no such "misrepresentations" were ever made. Hence, the said misrepresentations being non-existent, could not have been "material" nor could the defendant have relied upon them, reasonably or otherwise. So also the alleged "misrepresentations" cannot serve as the basis for any of the defendant's affirmative defenses of mistake of fact, failure of consideration, or fraud; and all of these defenses must fail.

14. It appears from the evidence that the defendant's failure to keep up with the required payments was not because of a mistake of fact induced by the alleged misrepresentations, failure of consideration, or fraud, but rather because the defendant's President and majority shareholder simply could not afford to make those payments, due at least partially to a recent serious illness of his wife.

**770**

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of section 301 of the Labor Management Relations Act of 1947. 29 U.S.C. § 185.

2. Because there were no misrepresentations made in connection with the Collective Bargaining Agreement involved in this action, the defendant has no grounds for its alleged "rescission" of that contract. Hence, the agreement was never rescinded, and remains in full force and effect.

■ 3. Even if the alleged misrepresentations had in fact been made, rescission would be barred here because of the untimely notice of rescission. *See Lewis v. Lowry*, 322 F.2d 453, 456 (4th Cir. 1963). The prejudice to the plaintiff, as assignee of the Trustees of the Welfare Fund designed to provide the defendant's employees with available benefits, is clear. The defendant's employees were denied the benefits of the Agreement for the more than six months during which the defendant was in default without serving notice of the attempted rescission. And they still remain in limbo as to the availability of benefits under the Collective Bargaining Agreement which they were to receive until at least 1977. Thus, the defendant's employees have been severely prejudiced by its delay in its attempted rescission; and so, necessarily the plaintiff, as assignee of the Trustees who were to hold the withheld funds for the benefit of the defendant's employees, has been prejudiced. The prejudice arising from the defendant's delay must operate as laches against the defendant, and prevent its attempt to rescind the contract.

■ 4. Even if the alleged misrepresentations had in fact been made, and even if they had been material, the plaintiff herein would nonetheless prevail because of the defendant's failure to raise the issue of the misrepresentations before the Arbitrator. The defendant's contention that it is not liable under the Agreement because of the alleged misrepresentations is at least colorably, if not certainly, within the scope of the Arbitrator's power under the terms of the Agreement. Yet the defendant failed to raise the issue before the Arbitrator. It thus apparently decided to "take its chances"—and it lost. The defendant will not be permitted to rely upon that defense at this point; it will be deemed waived by the defendant's failure to assert it before the Arbitrator. *See Teamsters Local 25 v. Penn Transportation Corp.*, 359 F.Supp. 344, 348 (D. Mass.1973).

■ 5. Because the defendant failed to raise the issue of the alleged misrepresentations before the Arbitrator, and because it failed to attempt any rescision of the Agreement for more than six months after it breached that Agreement, it is estopped from raising those alleged misrepresentations at this point in time. *See Teamsters Local 25 v. Penn Transportation Corp., supra.*

6. The United States Supreme Court has made it very clear that labor arbitration is a vital component of the Federal labor law:

> " '[T]he grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government.' *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). National policy favors the settlement of labor disputes arising out of collective bargaining agreements through the utilization of grievance machinery established by the parties to the agreement. This policy is served only when the method of settlement chosen by the parties is given full play. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 566, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Thus a

court reviewing an arbitration award rendered pursuant to a collective bargaining agreement may not review the merits of the award; for to do so would undermine our national policy. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)." *Teamsters Local 25 v. Penn Transportation Corp., supra* at 347–48.

7. The burden is on the party resisting the enforcement of the award. Lodge 725, *Int'l Ass'n of Machinists v. Mooney Aircraft, Inc.*, 410 F.2d 681, 683 (5th Cir. 1969); *American Almond Prods. Co. v. Consolidated Pecan Sales Co.*, 144 F.2d 448, 450 (2d Cir. 1944) (L. Hand, J.); *Teamsters Local 25 v. Penn Transp. Corp., supra* at 348. That burden has not been met here.

8. Absent the showing required by 9 U.S.C. § 10 for vacation of an arbitration award, or some similar showing, the Court will not upset such an award. *Catz American Co. v. Pearl Grange Fruit Exch., Inc.*, 292 F.Supp. 549, 551 (S.D.N.Y.1968). See Also Cal.Civ.Proc. Code § 1286.2. No such showing has been made here.

9. This Court will not review the merits of the arbitration award here which was rendered pursuant to the terms of a collective bargaining Agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Thus, the arbitration award must stand.

10. The Court thus affirms, confirms and enforces the arbitration award of May 7, 1974, and Judgment will be entered in favor of the plaintiff and against the defendant for the sum of $6,930.35 plus interest from the date of the award, and for plaintiffs costs incurred in this matter.

Let judgment be entered accordingly.