819 F.2d 1138
 125 L.R.R.M. (BNA) 3063
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MARVAL POULTRY COMPANY, INC., Plaintiff-Appellant,
v.
UNITED FOOD & COMMERCIAL WORKERS, LOCAL 400, Defendant-Appellee.
 No. 86-1247.
 United States Court of Appeals, Fourth Circuit.
 Argued April 9, 1987.
Decided May 20, 1987.
 
 Before HALL, SPROUSE and WILKINSON, Circuit Judges.
 James W. Wimberly, Jr. (Monica M. Bekken; Wimberly, Lawson, Cobb & Leggio, on brief), for appellant.
 Robert Edward Paul (Zwerdling, Paul, Leibig, Kahn & Thompson, P.C., on brief), for appellee.
 PER CURIAM:
 
 
 1
 Marval Poultry Company, Inc. ("Marval") appeals an order of the district court granting summary judgment for the United Food and Commercial Workers, Local 400 ("the union") in two consolidated actions brought pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. In these actions the district court upheld arbitration awards rendered in favor of the union on behalf of two Marval employees, John Rexrode and Geneva Shifflett, in which the arbitrators had granted them rights to reinstatement and back pay.
 
 
 2
 The underlying facts of the two cases, as well as the legal issues presented, are adequately stated in the district court's published opinion. United Food and Commercial Workers, Local 400 v. Marval Poultry, 645 F.Supp. 1174 (W.D.Va.1986).[1] On appeal, Marval contends that the district court erred in (1) failing to find that back pay is limited by the expiration of the collective bargaining agreement; (2) finding that appellant had waived its right to raise arguments pertaining to the remedy and, consequently, refusing to reduce back pay liability because of the employees' receipt of interim earnings and their duty to mitigate damages; (3) refusing to hold that appellant's offer of October 31, 1984, to re-employ Rexrode tolled his award of back pay; and (4) failing to calculate the specific amount of back pay, or in the alternative, failing to remand the matter to the arbitrator for such a determination.
 
 
 3
 Our review of the record, briefs, and oral argument convinces us that Marval's first two contentions lack merit for the reasons expressed by the district court in its opinion, supra. Appellant's third contention is likewise meritless, because the record clearly reveals that the October 31, 1984, offer to re-employ Rexrode involved a different job in another department at a lower wage rate. Such an offer under the agreement in this case did not operate to toll or reduce Rexrode's award.
 
 
 4
 Nevertheless, we agree with appellant that because no specific calculation of the back pay awards has ever been made in either case, the matter must be remanded to the district court for a computation of those awards. Consistent with this opinion, on remand neither award shall be offset or reduced based upon the expiration of the contract, interim earnings, or mitigation of damages.[2]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The record reveals one minor factual error in the district court's opinion. Although the district court stated that, following the expiration of the collective bargaining agreement in June, 1984, a new union has been recognized as the employees' collective bargaining representative, United Food and Commercial Workers, Local 400 v. Marval Poultry, 645 F.Supp. 1174, 1177 (W.D.Va.1986), no such union was in fact recognized
 
 
 [2]
 In challenging the district court's holding that Marval waived its right to claim a reduction in the back pay awards, based upon such factors as the expiration of the contract and mitigation of damages, appellant contends that it did not have an adequate opportunity to raise these issues before the arbitrator since the matter of back pay was never litigated at the arbitration hearings and neither side presented evidence of back pay at those hearings. We are not persuaded. As the district court aptly noted, Marval cannot argue that it did not suspect that reinstatement with back pay was a likely remedy in these cases. Marval Poultry, supra at 1181. The fact that no evidence of back pay was introduced nor precise back pay awards ever calculated did not relieve appellant of its duty to raise at arbitration all questions or matters relevant to the outcome of the case. Certainly, such matters would include any effect that appellant believed the expiration of the contract in June, 1984, might have had on the awards and any arguments pertaining to the employees' receipt of interim earnings or their duty to mitigate damages