**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS, et al., Plaintiffs,**

v.

**CINCINNATI DIE CASTING, INC., Defendant.**

No. C–1–92–259.

United States District Court, S.D. Ohio, W.D.

Sept. 24, 1992.

Frederick Gerald Cloppert, Jr., Cloppert, Portman, Sauter, Latanick & Foley, Columbus, Ohio, for plaintiffs.

Harold Sol Freeman, Dinsmore & Shohl, Cincinnati, Ohio, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion to Dismiss (doc. 4), the Plaintiff's Response (doc. 6), and the Defendant's Reply (doc. 7).

### BACKGROUND

The Plaintiff, Janet Mack, worked for the Defendant, Cincinnati Die Casting Company ("Cincinnati Die"). She was a member of Local 1460 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("Union"). On December 3, 1990, Ms. Mack filed a grievance contesting Cincinnati Die's refusal to return her to work from a layoff, following her election as chairperson of the Union's shop committee. In her grievance, she appears to have requested back pay and reinstatement beginning on December 3, 1990.

Pursuant to the collective bargaining agreement between the Union and Cincinnati Die, Ms. Mack's grievance went to arbitration. Alan Walt held an arbitration hearing on November 6, 1991. At the arbitration, Cincinnati Die argued that even if Ms. Mack would have been reinstated to work on December 3, 1990, the Arbitrator had no authority to award her a remedy for any time after July 8, 1991. Cincinnati Die reasoned that the Collective Bargaining Agreement expired on July 8, 1991, and provided that

> [t]he arbitrator shall have no power or authority to change, amend, modify, add to, delete from or otherwise alter this Agreement; or grant any remedy or monetary award for any period prior to the effective date of this Agreement or for any period extending beyond the termination date of this Agreement."

Defendant's Motion to Dismiss, doc. 4, exh. A, Art. VI, § 3, at 8.

Despite Cincinnati Die's arguments, on February 17, 1992, Arbitrator Walt awarded Ms. Mack reinstatement and full back pay. Thus, the Arbitrator issued a remedy for a period extending beyond the July 8, 1991 termination date of the collective bargaining agreement. The reasoning behind Arbitrator Walt's decision was as follows:

> [t]he final issue for resolution involves the Company contention that the remedy to which the grievant is entitled under this Award must terminate as of July 8, 1991, since that is the date both the collective bargaining agreement and this arbitrator's authority terminated. Since grievant was contractually entitled to recall from layoff on December 3, 1990, her "make whole" entitlement also commenced that same date and continued thereafter. On July 8, 1991, the date the collective bargaining agreement expired, she was in no different position than any other active employee and must be treated as such. Her right to continued employment and the wages and benefits that result from that employment did not terminate on July 8, 1991.

Plaintiff's Response, doc. 7, at 2.

Cincinnati Die has refused to abide by Arbitrator Walt's decision. Cincinnati Die informed the Union that it believed Arbitrator Walt had exceeded his authority with Ms. Mack's award. Cincinnati Die further stated that it would not abide by the Arbitrator's decision. Cincinnati Die, however, did concede that Ms. Mack was entitled to back pay for the period of December 3, 1990 to July 8, 1991.[1] In response to Cincinnati Die's actions, the Plaintiff filed this lawsuit to enforce the Arbitrator's award.

### DISCUSSION

In reviewing an arbitrator's award, courts have a limited function. The United States Supreme Court explained that a court's role

> ... is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.... The courts, therefore, have no business weighing the merits of the

---

1. Thus, Ms. Mack's back pay for this period is not at issue in this lawsuit.

grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. *United Steel Workers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1959). Similarly, courts should "... defer to an arbitrator's chosen remedies unless they demonstrate a 'clear infidelity' to the agreement itself." *Nat'l Post Officer Mailhandlers v. United States Postal Serv.*, 751 F.2d 834, 842 (6th Cir.1985) (quoting *Gen. Tel. Co. of Ohio v. Communications Workers*, 648 F.2d 452, 457 (6th Cir.1981)).

 Thus, the issue before the Court is whether the Arbitrator's award for Ms. Mack demonstrates a clear infidelity to the Collective Bargaining Agreement between Cincinnati Die and the Union, or whether the Arbitrator's award draws its essence from the collective bargaining agreement. An arbitration award does not draw its essence from a collective bargaining agreement when it:

> (1) conflicts with the agreement's express terms; (2) imposes additional requirements that the agreement does not expressly provide; (3) cannot be rationally derived from the agreement's terms; or (4) is based on general considerations of fairness and equity rather than on the precise terms of the agreement.

*Ficks Reed Co. v. Local 112 Int'l Union*, 771 F.Supp. 208, 211 (S.D.Ohio 1991), *aff'd*, 965 F.2d 123 (6th Cir.1992) (citing *Cement Div., Nat'l Gypsum Co. (Huron) v. United Steelworkers of Am., AFL–CIO–CLC, Local 135*, 793 F.2d 759, 766 (6th Cir.1986)). Thus, an arbitrator is forbidden from disregarding or modifying unambiguous provisions of a contract. *Dobbs, Inc. v. Local 614, Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 813 F.2d 85, 86 (6th Cir.1987).

 In the matter before the Court, the Arbitrator had no authority to award Ms. Mack her remedy of reinstatement and monetary award for the time extending beyond July 8, 1991. Arbitrator Walt's power emanated from the Collective Bar-

gaining Agreement. The Collective Bargaining Agreement clearly stated that "[t]he arbitrator shall have *no* power ... [to] grant any remedy or monetary award ... for any period extending *beyond* the termination date of this Agreement." Defendant's Motion to Dismiss, doc. 4, exh. A, Art. VI, § 3, at 8 (emphasis added).

The cases cited by the Plaintiff stand in contrast to the instant case. For example, in *United Food and Commercial Workers, Local 400 v. Marval Poultry Co.*, 645 F.Supp. 1174, (W.D.Va.1986), *aff'd without opinion*, 819 F.2d 1138 (4th Cir.1987), an arbitrator issued an award granting an employee reinstatement and back pay from her date of termination to her date of reinstatement. Both of these remedies extended beyond the expiration date of the parties' collective bargaining agreement. The company, in disputing the arbitrator's award, contended that the expiration of the parties' agreement precluded any award of back pay or reinstatement after the expiration date of the collective bargaining agreement. The *Marval* court rejected the Defendant's argument and held that the arbitrator could include full back pay and reinstatement.

However, the rationale behind the *Marval* court's decision supports an opposite conclusion when applied to the case before the Court. The *Marval* court rejected the company's position because, unlike the instant case, "[t]he collective bargaining agreement was *silent* regarding any events which may occur after the expiration of the agreement.... This is especially important since cases ... have held that lack of provisions limiting backpay to a period ending with the expiration of the collective bargaining agreement allows the arbitrator to fashion such a remedy." *Id.* at 1178, 1179–80 (emphasis added); *see also ILWU Local 142 v. Land & Constr. Co.*, 498 F.2d 201 (9th Cir.1974) (where collective bargaining agreement is silent, arbitrator may fashion a remedy for a period not covered under the agreement).

In sharp contrast, in the case before the court, the collective bargaining agreement was not silent; rather, the collective bar-

gaining agreement clearly forbade Arbitrator Alan Walt to issue an award for a period extending beyond the termination date of the collective bargaining agreement. Thus, although great deference should be given to an arbitrator's judgment, an arbitrator may not issue a decision which conflicts with the express language of the collective bargaining agreement. *See Ficks Reed Co.,* 771 F.Supp. at 211 (S.D.Ohio 1991), *aff'd,* 965 F.2d 123 (6th Cir.1992); *see also Local 120 v. Brooks Foundry,* 892 F.2d 1283, 1288 (6th Cir. 1990) ("... in fashioning an award, an arbitrator may not ignore plain language of the Agreement in favor of his own generalized notions of fairness"). In Ms. Mack's arbitration, Arbitrator Walt issued an award for a period extending beyond the termination date of the Collective Bargaining Agreement. Therefore, the Arbitrator's award for Ms. Mack cannot be sustained, because the award does not draw its essence from the language of the collective bargaining agreement between Cincinnati Die and the Union.

## CONCLUSION

Accordingly, the Defendant's Motion to Dismiss is granted.

SO ORDERED.